**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**AIR LINE PILOTS ASSOCIATION,
INTERNATIONAL and DON D. KELLEY,**

        Plaintiff(s),        **CASE NUMBER: 07-15380
                                      HONORABLE VICTORIA A. ROBERTS**

v.

**PINNACLE AIRLINES, INC.,**

        Defendant(s).
_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

This matter is before the Court on Plaintiffs Air Line Pilots Association, International ("ALPA") and Don D. Kelley's ("Kelley") "Motion for Summary Judgment for Order Directing Defendant to Participate in Proceedings Before the System Board of Adjustment." (Doc. #12). Plaintiffs ask the Court for an order requiring Defendant Pinnacle Airlines, Inc. ("Pinnacle") to arbitrate a grievance Kelley filed on June 29, 2007.

Also before the Court is Pinnacle's "Motion for Summary Judgment and Brief in Support of Motion for Summary Judgment." (Doc. #13). Pinnacle asks the Court to dismiss Plaintiffs' claims with prejudice.

Plaintiffs' motion is **GRANTED**; Pinnacle's motion is **DENIED**.

**II.    BACKGROUND**

    **A.    Kelley's Employment with Pinnacle and ALPA's Initiation of the**

1

**Grievance Process**

Kelley served as a line pilot for Pinnacle from September 2001 through May 31, 2007. On June 1, 2007, Kelley became a Chief Pilot responsible for the hiring, firing, discipline, and supervision of over 1,200 pilots, managers, and support personnel. While Kelley did not fly an aircraft as Chief Pilot, his name remained on the Pilots' System Seniority List.

The ALPA-Pinnacle collective bargaining agreement ("CBA") says pilots will only be removed from the Pilots' System Seniority List if they: (1) resign or retire; (2) are discharged; (3) decline recall or fail to notify Pinnacle of their intent to return to work from furlough; or (4) fail to return to work upon the expiration of a leave of absence.

On June 28, 2007, Pinnacle terminated Kelley's employment due to employment benefits fraud. Pinnacle says Kelley does not dispute the fact that he committed fraud.

In a letter dated June 29, 2007, ALPA requested a disciplinary hearing concerning the discharge. Pinnacle denied ALPA's request on July 9, 2007; it did not believe Chief Pilots had access to the grievance process.

On July 20, 2007, the President of ALPA requested a hearing in front of the System Board of Adjustment ("System Board"), but Pinnacle advised ALPA that it would not participate in a System Board hearing.

Plaintiffs brought an action under the Railway Labor Act ("RLA") to compel arbitration of Kelley's grievance. The Complaint alleges Pinnacle violated section 19.A (termination of employment without due process) and section 10.C (ability to return to line flying) of the CBA.

Section 10 says non-flying or supervisory pilots continue to accrue seniority and

may return to line flying:

> A. A pilot transferred by [Pinnacle] to non-flying or supervisory duty will retain and continue to accrue seniority and longevity.
>
> B. A non-flying or supervisory pilot will bid for a permanent position, but the awarding of such position will be solely for the purposes of determining the position to which such pilot could return. Upon return to line flying, a non-flying or supervisory pilot will bid in his permanent position.
>
> C. When a pilot is released by [Pinnacle] from non-flying or supervisory duty or desires to return to the line from such duty, he may exercise his seniority, provided he has not been discharged for just cause prior to notifying [Pinnacle] of his intent to return to line flying. A pilot's return to line flying will be coordinated with [Pinnacle].
>
> D. A supervisory pilot will not be permitted to bid for a line of flying.

**B.   Pinnacle's System Board and the Grievance Process Under the CBA**

ALPA is a labor organization that represents pilots employed by Pinnacle. Pinnacle is a regional airline that provides air transportation service throughout the United States for Northwest and Delta Airlines.

The RLA requires Pinnacle to establish a board of adjustment of jurisdiction. *See* 45 U.S.C. §184. The purpose of the System Board is to settle grievances between employees and air carriers. *Id.*

Pinnacle's System Board is outlined in sections 19 and 20 of the CBA. Section 19 of the CBA governs disciplinary grievances:

> A pilot who is disciplined [i.e., given a written warning, suspended, or discharged] will be granted a hearing provided such pilot files a grievance, in writing, with the Vice President [of] Flight Operations, or his designee, within fourteen (14) days of the date upon which the discipline is received by the Contract Administrator.
>
> The Vice President [of] Flight Operations, or his designee, will issue a

> written decision on the grievance within fourteen (14) calendar days following the close of the hearing.
>
> If the decision . . . is not satisfactory to the pilot, it may be appealed in writing by the President of [ALPA] to the System Board of Adjustment within thirty (30) days after receipt by the Contract Administrator of the decision.

CBA, §§ 19.B.1, 19.B.4, and 19.C.

> Section 20 of the CBA governs non-disciplinary grievances:
>
> A grievance under this Section is defined as any dispute between [Pinnacle] and a pilot or group of pilots growing out of [the] interpretation or application of the terms of this Agreement or any supplemental agreement.  Grievances will not include proposed changes in hours of employment, rates of compensation or working conditions.  Any pilot or group of pilots may file a grievance.  Grievances must be filed in writing and will contain a reference to the provisions of the Agreement alleged to have been violated and a short, concise statement of the facts involved.  Prior to the filing of a grievance, the pilot(s) will discuss the matter with their Chief Pilot, or his designee, in an effort to resolve the dispute; provided however, that the failure to have such discussion will not affect the validity of the grievance.  The results of this effort will be documented by [Pinnacle] and a copy sent to the pilot.
>
> If the decision of [Pinnacle] is not satisfactory to the pilot(s) or [ALPA], the grievance may be appealed by the President of [ALPA] to the System Board of Adjustment.

CBA, §§ 20.A and 20.D.

### C. Pinnacle's Termination of James Dean's Employment and James Dean's Initiation of the Grievance Process

The issue of the arbitrability of a grievance filed by a discharged supervisory pilot has arisen previously.  James Dean ("Dean") was Pinnacle's Director of Flight Training and Standards.  On September 1, 1993, Pinnacle terminated Dean's employment for his "inability to manage effectively the resources and personnel in [his] area of responsibility in a manner acceptable to the company."

4

In a letter dated September 10, 1993, Dean said Pinnacle terminated his employment without just cause. He asked Pinnacle to return him to employment as a line pilot. Pinnacle denied his request in a letter dated October 7, 1993; it did not believe the CBA gave terminated management officials the right to file grievances.

Nevertheless, ALPA and Pinnacle agreed to submit the arbitrability issue and the merits of Dean's grievance to the System Board, which held a hearing on November 30, 1994.

## III.  STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law." *Id.* at 251-52. If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

## IV. APPLICABLE LAW AND ANALYSIS

### A. Was Kelley an "Employee" Entitled to the Grievance Process Under the RLA?

Pinnacle says Kelley is not entitled to the grievance process under the RLA because the definition of "employee" excludes management personnel such as Chief Pilots.

Under the RLA, the System Board settles grievances between "employees" and air carriers. *See* 45 U.S.C. §184. An "employee" is defined as "every person in the service of a carrier (subject to its continuing authority to supervise and direct the manner of rendition of his service) who performs any work defined as that of an employee or subordinate official[.]" 45 U.S.C. §151, Fifth.

The Court finds that whether Kelley was an "employee" under the RLA is immaterial. Sections 19 and 20 of the CBA require the System Board to arbitrate Kelley's grievance as long as he can be classified as "pilot." *See* section IV.B, *infra*.

### B. Can Kelley be Classified as a "Pilot" Entitled to Arbitration by the System Board?

Section 19.B.1 allows a "pilot" to file a grievance concerning his discharge. Section 20.A allows a "pilot" to file a grievance concerning the interpretation or application of the CBA terms.

6

Kelley's grievance relates to whether section 10.C of the CBA applies to him (i.e., whether he retains the seniority rights to return to line flying), and whether he was provided due process before Pinnacle terminated his employment.

The issue before the Court is whether Kelley can be classified as a "pilot."

Section 2.R of the CBA defines "Pilot" as a "Captain" or "First Officer" whose name appears on the Pilots' System Seniority List.

A "Captain" is:

a pilot who is in command of an aircraft and its crew members while on duty, who is responsible for the operation of the flight controls of an aircraft, who is properly qualified and designated by [Pinnacle] to serve as a pilot and who holds a current airman's certificate authorizing him to serve as such.

CBA, §2.B.

A "First Officer" is:

a pilot who is second-in-command of an aircraft, who assists or relieves the Captain in the operation of an aircraft, who is properly qualified and designated by [Pinnacle] to serve as a pilot and who holds a current airman's certificate authorizing him to serve as such.

CBA, §2.L.

Pinnacle says the System Board does not have jurisdiction to arbitrate Kelley's grievance because a Chief Pilot is not synonymous with a "pilot" under the CBA. According to Pinnacle, "pilots" are responsible for flying and commanding aircrafts while Chief Pilots perform a supervisory role.

The Court finds there is evidence in the record to support the conclusion that Kelley can be classified as a "pilot" entitled to arbitration by the System Board.

First, section 22.D.1 of the CBA says the Pilots' System Seniority List will contain

the names of all "pilots" entitled to seniority. Kelley's name appears on that list.

Second, section 1.B.1 of the CBA says "all present and future flying of any form performed by or for [Pinnacle] will be performed by 'pilots' on the Pilots' System Seniority List." Section 25.F.5.b allows Pinnacle to assign "supervisory pilots" open flying time. Section 25.F.9 says: "A pilot may be removed from a scheduled trip or portion of a trip and another pilot assigned to fly in his place for the purpose of completing operating experience, a line check, or for supervisory flying." If supervisory pilots such as Kelley were not "pilots" as defined in the CBA, sections 25.F.5.b and 25.F.9 would be contrary to section 1.B.1 of the CBA.

Third, the CBA excludes from arbitration: (1) previously-settled disputes; (2) "proposed changes in rates of pay, hours of service or working conditions"; and (3) discharge of probationary pilots. *See* CBA, §§ 20.A, 21.B, and 22.A.3. No provision excludes from arbitration issues pertaining to Chief Pilots or supervisory pilots, and the Court cannot infer exclusion. *See Ceres Marine Terminals, Inc. v. Int'l Longshoremen's Ass'n, Local 1969, AFL-CIO*, 683 F.2d 242, 247 (7th Cir. 1982) ("any exclusion of particular parties or issues from coverage by an agreement's arbitration provisions should not be inferred from the language of the agreement, but must be stated explicitly in the agreement") (citing *United Steelworkers of Am. v. Warrier & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960)).

Fourth, a person is not required to fly an aircraft on a regular basis to be classified as a "pilot." Indeed, the CBA refers to persons not actively flying as "pilots." Section 2.N defines "furlough" as: "the removal of *a pilot* from *active duty as a pilot* with [Pinnacle] due to a reduction in force, or the period of time during which *such pilot* has

re-employment rights with [Pinnacle]." (Emphasis added). Section 10.B says "non-flying" pilots may bid for a permanent position. And, section 22.D.1 says the Pilots' System Seniority List includes "active" and "inactive" pilots. The language in the definition of "Captain" concerning "command of an aircraft and its crew members" refer to the Captain's responsibilities while on flight duty; it does not say Captains are required to be on flight duty on a regular basis.

Finally, Kelley says during his tenure as Chief Pilot, he: (1) held a current airman's certificate authorizing him to serve as a Captain; (2) was qualified by Pinnacle to serve as a Captain; and (3) could perform the duties of a Captain if he were assigned flights.

"An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960); *Gateway Coal Co. v. Mine Workers*, 414 U.S. 368, 377-78 (1974)); *see also Nw. Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 442 F.2d 251, 254 (8th Cir. 1971) (same rule applied to a case under the RLA).

Based on that rule and evidence presented, there is no genuine issue of material fact; the term "pilot" includes Chief Pilots, and Kelley's grievance is arbitrable by the System Board.

    **C.    Did Kelley Lose His Right to file an Arbitrable Grievance When Pinnacle Terminated His Employment?**

9

Section 22.B.4.b says, "A pilot will forfeit all employment and seniority rights and his name will be removed from the seniority list [when] he is terminated."  Section 10.C says:

> When a pilot is released by [Pinnacle] from non-flying or supervisory duty or desires to return to the line from such duty, he may exercise his seniority, provided he has not been discharged for just cause prior to notifying [Pinnacle] of his intent to return to line flying.

Pinnacle says even if Kelley can be classified as a "pilot," if the Court reads sections 22 and 10.C together, it must conclude that Kelley lost his seniority rights, including his right to file an arbitrable grievance, when Pinnacle terminated his employment for "just cause."

The Court disagrees for three reasons.  First, whether Kelley's employment was terminated for "just cause" is an issue for the System Board.  Pinnacle cannot unilaterally make that determination.

Second, simply because a pilot may lose his or her seniority rights upon discharge does not necessarily mean the pilot is prohibited from filing an arbitrable grievance.  There is no language in sections 22 or 10.C that compels that result, and if that were the case, certain sections in the CBA would be rendered meaningless.  Section 19.B.1, for example, allows a discharged pilot to file an arbitrable grievance concerning his or her discharge.

Finally, Daniel Froehlich, an attorney and Contract Administrator in the Representation Department of ALPA submitted a Declaration that says:

> I understand that Pinnacle is asserting in the present litigation that "Terminated Pilots Have No Rights Under the [ALPA-Pinnacle] CBA[,]" including the rights to file a grievance and have a System Board hearing over their discharges. . . .  Since the execution of the CBA between ALPA

10

and Pinnacle in 1999 (which remains in effect today), there have been ten System Board hearings over discharges of Pinnacle pilots. In none of those hearings did Pinnacle ever assert that the grievances were inarbitrable because the pilots had been discharged. Indeed, such a position contradicts pilots' right under Sections 19 and 21 of the CBA to file grievances over their discharges and to have those grievances heard by the System Board.

### D.      Should the Court Dismiss Kelley's Claim Under Section 10.C of the CBA?

Pinnacle says the Court should dismiss Kelley's claim under section 10.C because Kelley does not have seniority rights to return to line flying since he did not notify Pinnacle of his intent to return to line flying before his employment was terminated, and his employment was terminated for just cause. *See* CBA, §10.C. In a "Second Declaration," Kelley says, "I disagree with both positions asserted by Pinnacle."

Because the Court concludes that section 20 of the CBA allows the System Board to arbitrate grievances filed by Chief Pilots, it is for the System Board to determine the merits of Kelley's grievance, including whether Kelley had seniority rights under section 10.C to return to line flying (i.e., whether Kelley was discharged for "just cause," and whether Kelley notified Pinnacle of his intent to return to line flying before his employment was terminated). *See AT&T Technologies, Inc.*, 475 U.S. at 651; *see also United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 568 (1960) ("The courts . . . have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim.").

One case cited by Pinnacle, *Indep. Lift Truck Builders Union v. Hyster Co.*, 2 F.3d 233 (7th Cir. 1993) ("*Truck Builders*"), says "[i]f the court must, to decide the

11

arbitrability issue, rule on the merits, so be it." *Truck Builders*, 2 F.3d at 236 (citing *Litton Fin. Printing Div., A Div. of Litton Bus. Sys., Inc. v. NLRB*, 501 U.S. 190 (1991)). Here, the Court can decide arbitrability without ruling on the merits of Kelley's grievance. The only issue is whether Kelley can be classified as a "pilot" under the CBA.

Because the Court holds that the System Board must arbitrate Kelley's grievance based on Kelley's classification as a "pilot," it does not need to decide whether the System Board's decision in Dean is binding on this Court, or whether the System Board must arbitrate Kelley's grievance based on the doctrine of issue preclusion.

**V.     CONCLUSION**

Plaintiffs' motion is **GRANTED**; Pinnacle's motion is **DENIED**. The System Board must hold a hearing over Kelley's grievance to determine whether Pinnacle violated sections 10.C and 19.A of the CBA.

Judgment enters for Plaintiffs.

**IT IS ORDERED**.

S/Victoria A. Roberts
**Victoria A. Roberts**
**United States District Judge**

**Dated:  February 26, 2009**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 26, 2009.**
>
> **s/Carol A. Pinegar**
> **Deputy Clerk**